# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MICHAEL D. FRAZIER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 4:13-CV-757-VEH** |
| | ) |
| **CITY OF GADSDEN,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

The trial of this failure-to hire case arising under Title VII began on August 24, 2015, and the jury returned a verdict in favor of Plaintiff Michael D. Frazier ("Mr. Frazier") on August 28, 2015. (Doc. 66); (*see also* Docs. 81-85 (5 volumes of trial transcript proceedings)). The jury awarded Mr. Frazier $20,000 in compensatory damages (Doc. 66-1 at 2 ¶ 3) on his race discrimination claim against Defendant City of Gadsden (the "COG"). On August 28, 2015, the court entered a final judgment in Mr. Frazier's favor. (Doc. 67).

On May 13, 2016, the court addressed the parties' seven post-judgment motions in a memorandum opinion (Doc. 130) and, based upon those rulings, set a deadline for Mr. Frazier "to submit to chambers email a proposed amended final

judgment order . . . no later than 10 days from the entry date of this order." (*Id.* at 51). Mr. Frazier complied with this submission deadline, never brought to the court's attention that he disagreed with any of those rulings, and the court entered an amended final judgment order on May 24, 2016. (Doc. 132).

Oddly enough and over 10 days later,[1] on June 8, 2016, Mr. Frazier filed a Rule 59 Motion for Reconsideration and/or Motion To Alter or Amend Judgment (Doc. 133) (the "Rule 59(e) Motion"). Claiming that the court "need[s] to correct clear error or manifest injustice" (*Id.* at 2 ¶ 2),[2] Mr. Frazier seeks reconsideration of two issues–the court's job reinstatement/front pay ruling (*id.* at 2-4 ¶¶ 2-4) and its hourly rate determination for Mr. Frazier's lead counsel. (*Id.* at 4-7 ¶¶ 6-7). The parties have briefed the Rule 59(e) Motion. (Docs. 139, 142).

Also pending before the court is Mr. Frazier's Motion for Leave To Further Supplement Plaintiff's Motion for Award of Attorney's Fees (Doc. 143) (the "Supplemental Fee Motion"). The COG has not opposed the Supplemental Fee Motion. The COG has, however, already filed a notice of appeal. (Doc. 134).

---

[1] Under the court's uniform initial order, "[m]otions for reconsideration must be filed within ten days of the date of the court's ruling which the movant seeks to have reconsidered or the court <u>may</u>, in its discretion, deny the motion as untimely." (Doc. 5 at 26) (emphasis in original).

[2] Mr. Frazier's Rule 59(e) Motion has two paragraphs that are numbered "2". This language appears in the first of those redundantly-numbered paragraphs.

After carefully considering all of the parties' contentions, Mr. Frazier's Rule 59(e) Motion is **DENIED** as to the hourly rate ruling. The job instatement/front pay issue is **HEREBY SET** for an evidentiary hearing on October 19, 2016, from 10:00 a.m. to noon in Courtroom 6A of the Hugo L. Black United States Courthouse, located at 1729 Fifth Avenue North, Birmingham, Alabama 35203. Finally, the Supplemental Fee Motion is **DENIED** with leave to refile no later than 5:00 p.m. on September 30, 2016.

## II.   STANDARD

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing *Futures Trading Comm'n v. Am. Commodities Group*, 753 F.2d 862, 866 (11th Cir. 1984)). "While, as a rule, parties are not entitled to 'two bites at the apple', there are occasions in which reconsideration should be entertained." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (citing *Am. Home*, 763 F.2d at 1239).

As the Eleventh Circuit has summarized the limited scope of relief that is available to a litigant under Rule 59(e):

"The only grounds for granting [a Rule 59] motion are newly-discovered

> evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."); *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed.").

### III.  ANALYSIS

#### A.  The Rule 59(e) Motion

##### 1.  The Hourly Rate Ruling Will Not Be Modified.

Mr. Frazier's counsel, A. Brett Adair ("Mr. Adair"), requested that the court award him an hourly rate of $425.00 in the initial fee motion. The court, instead, determined that the appropriate rate for Mr. Adair was $350.00. (Doc. 130 at 48). On reconsideration, Mr. Adair requests that the court adjust the award to somewhere between $400.00 to $425.00. (Doc. 133 at 5).

As grounds for his relief, Mr. Adair generally relies upon "the affidavits of employment counsel submitted as exhibits as to the current rates for similar services

by lawyers of reasonably comparable skills, experience and reputation." (*Id.* at 132-33). Mr. Adair also specifically points to the fact that in 2010 another judge on this court found his reasonable rate to be $350.00 in an employment case and contends that a higher rate for him is appropriate now given that six years has elapsed since that determination, "the novel legal issues in this case[,] and the vigorous defense asserted by the [COG] . . . ." (Doc. 133 at 5).

The flaws in Mr. Adair's Rule 59(e) efforts to increase his hourly rate are numerous. The court has already fully considered Mr. Adair's fee evidence and rejected these recycled arguments when deciding the initial post-judgment fee request. (*See* Doc. 130 at 40-50 (arriving at $350.00 rate for Mr. Adair and rejecting request for a lodestar enhancement under the circumstances of this uncomplicated and not-so-novel case)); *see also Lazo v. Wash. Mut. Bank*, 10 F. App'x 553, 553 (9th Cir. 2001) ("The district court did not abuse its discretion in denying the Lazos' motion to reconsider because the Lazos merely reiterated meritless arguments.").

Moreover, nowhere within the current motion has Mr. Adair shown <u>with case authority</u> that awarding him a rate of $350.00 or anything below $400.00 constitutes <u>clear error</u> or is <u>manifestly unjust</u>. Likewise, Mr. Adair does not refer to an intervening change in controlling law that would impact the court's prior formulation of his reasonable rate and the rejection of any lodestar enhancement for his legal

work. *See Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (identifying intervening change in controlling law as an appropriate basis for reconsideration).

Instead, he ineffectively asserts that the court has committed clear error by not using his previously awarded $350.00 rate as a baseline from which to build his fee award in this case. Mr. Adair's myopic view of this issue disregards the considerable latitude afforded to a district court under an abuse of discretion standard. *See, e.g., Macklin v. Singletary*, 24 F.3d 1307, 1311 (11th Cir. 1994) ("[T]he abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir.1989))); *see also Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970-71 (8th Cir. 1984) ("The very concept of discretion presupposes a zone of choice within which the trial courts may go either way.") (*Kern* cited with approval in *Kelly*). Therefore, this section of the Rule 59(e) Motion falls short of even triggering a reconsideration of the amended final judgment.

Additionally, when determining Mr. Adair's rate, the court thoroughly explained its reasoning, including its reliance upon the rate of $385.00 set by the undersigned and affirmed by the Eleventh Circuit in 2015 for a more seasoned employment lawyer–John Saxon ("Mr. Saxon"),who has been practicing law since

1977 versus Mr. Adair, who obtained his law license 18 years later in 1995. (Doc. 130 at 43-44). Mr. Saxon had requested that this court award him a $450.00 hourly rate in 2014.

The court also factored in the $375.00 rate awarded to another significantly more experienced lawyer, Alicia Haynes ("Ms. Haynes"), in 2013, and pointed out how that race discrimination case–*Hithon v. Tyson Foods, Inc.*, 4:96-CV-03257-JHE–was very close to Mr. Frazier's failure-to-hire Title VII suit in terms of legal theory and scope. (Doc. 130 at 42).

Mr. Frazier attempts to discredit the import of the foregoing rates for Mr. Saxon and Ms. Haynes because associate attorneys were involved in those cases. (Doc. 142 at 6; *id.* at 6 n.1). Mr. Frazier cites no authority for this strange proposition and this court fails to see how the involvement of junior lawyers translates into an artificially lower reasonable rate for the senior lawyer. Additionally, Mr. Adair, at times, relied on an associate lawyer, Matthew Hill (Doc. 130 at 35), in litigating this lawsuit.

The $350.00 rate is also well within the general prevailing market range for employment discrimination matters as testified to by Kenny Haynes ($250.00-

$600.00)[3] (Doc. 78-2 at 4 ¶ 5)[4] and Mr. Saxon ($250.00-$650.00) (Doc. 78-5 at 5 ¶ 11)[5] in their capacities as expert witnesses for Mr. Adair. Mr. Saxon expressly opined that "the prevailing market rate in Birmingham for plaintiffs' attorneys in cases such as the *Frazier* case, involving race discrimination, ranges from $250.00 to $650.00 per hours." (Doc. 78-5 at 5 ¶ 11). Further, it is just outside the general range ($375.00-$650.00) that Ms. Haynes provided in her affidavit. (Doc. 78-3 at 4 ¶ 5).[6]

For whatever reason, Mr. Adair continues to be unwilling to share with the court what rate he charges to his defense clients in employment cases. (Doc. 130 at 48 n.34). As determined in *Maner v. Linkan, LLC*, 602 F. App'x 489 (11th Cir. 2015), in using Mr. Saxon's reasonable rate charged to his non-contingent clients, "the district court did not clearly err in setting lead counsel's rate at his normal billing rate of $385 and in the middle of the expert's range." *Id.* at 494. Mr. Adair suggests in the reply brief that this court should not be persuaded by *Maner* because of the distinguishing evidence of Mr. Saxon's non-contingency fee rate. (Doc. 142 at 6). This argument is unpersuasive in light of Mr. Adair's continuing failure to provide

---

[3] The court acknowledges but disagrees with the additional opinion provided by Mr. Haynes that a reasonable range for someone with Mr. Adair's level of experience is $400.00- $475.00. (Doc. 78-2 at 5 ¶ 11).

[4] All page references to Doc. 78-2 correspond with the court's CM/ECF numbering system.

[5] All page references to Doc. 78-5 correspond with the court's CM/ECF numbering system.

[6] All page references to Doc. 78-3 correspond with the court's CM/ECF numbering system.

8

comparable information for Mr. Adair.[7]

Further, Mr. Adair misses the court's point entirely–Mr. Saxon has considerably more experience than Mr. Adair and Mr. Saxon's reasonable hourly rate as determined by the undersigned in 2014 and upheld on appeal was $385.00.[8] Therefore, setting Mr. Adair's rate for legal work performed for the period of 2013 to 2015 at $350.00, with the tested reasonable benchmark of $385.00 and the general range evidence in mind, is a discretionary determination that is entirely reasonable. Thus, Mr. Adair has not substantively supported the fee relief sought, and the hourly rate portion of the Rule 59(e) Motion is **DENIED**.

> **2.  The Court Will Hold an Evidentiary Hearing on the Job Instatement/Front Pay Issue.**

Title VII presumes that a successful failure-to-hire plaintiff should be awarded either a job or front pay. *See Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1528 (11th Cir. 1991) ("In addition to back pay, prevailing Title VII plaintiffs are

---

[7] Mr. Adair's misplaced argument seems to assume that a lawyer's rate for non-contingent employment cases will always be lower than the rate applicable in contingency fee cases. This theory is undermined by Mr. Saxon's expert opinion that "rates charged to clients for non-contingent, employment litigation-related work range[] between $250 and $600 per hour" (Doc. 78-2 at 4 ¶ 4), the same exact range he provided for attorneys representing plaintiffs in race discrimination cases such as this one.

[8] In contrast, Mr. Adair's previously approved rate of $350.00 did not undergo any appellate review. According to CM/ECF in 2:08-CV-0459-KOB, one defendant's notice of appeal was dismissed due to settlement. (Doc. 365). The other defendant's appeal was dismissed for want of prosecution. (Doc. 366).

presumptively entitled to either reinstatement or front pay."), *superseded by statute on other grounds as indicated by Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000). "Front pay may be particularly appropriate in lieu of reinstatement [or instatement] where discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy." *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1449 (11th Cir. 1985). If a district court awards a plaintiff front pay, it must "make factual findings as to whether reinstatement [or instatement] is feasible." *EEOC v. W&O, Inc.*, 213 F.3d 600, 606 (11th Cir. 2000). Further, those factual findings must be <u>explicit</u>. *See W&O*, 213 F.3d at 619 n.12 ("While it may be implicit in the district court's award of front pay that the court credited the EEOC's claims of antagonism toward Nuesse and discounted W&O's claims that reinstatement was a viable option, we must require the district court to make explicit findings on this issue.").

The job instatement/front pay issue is highly contested by the parties, especially in light of an unusual post-trial filing by Mr. Frazier–a Notice of Material Development (Doc. 128) (the "Notice") filed on April 28, 2016, that pertains specifically to this equitable claim. Mr. Frazier contends that the court misunderstood the meaning of the Notice, urges that he has not abandoned his request for instatement, and alternatively asserts that April 28, 2016, should not be the cut-off

date for his front pay claim. (Doc. 133 at 4). Noticeably absent from this section of the Rule 59(e) Motion is any supporting declaration or affidavit from Mr. Frazier.

The COG counters that the court correctly interpreted the Notice as specifically rejecting his claim for instatement and that no adjustment to Mr. Frazier's front pay award is warranted. (Doc. 139 at 3-5); (*see id.* at 4 ("In light of the Plaintiff's specific request for front pay in lieu of reinstatement after describing the futility of instatement, the Court chose a reasonable date, April 28, 2016, to cut off front pay – the date of the Plaintiff's clear-cut request.")). Because the determination of this issue falls squarely within the court's equitable powers under Title VII, it has decided that the best way to deal with this post-judgment dispute is to hold an evidentiary hearing where Mr. Frazier's claim for instatement/front pay, including the meaning and impact of the Notice and the COG's grounds for opposition, can be more fully developed through live testimony and the introduction of documentary evidence.

Therefore, as indicated above, an evidentiary hearing is **SET** for October 19, 2016, from 10:00 a.m. to noon in Birmingham. Each side will have 1 hour to present his or its position. Mr. Frazier will call his witnesses first, followed by the COG's witnesses. Any time spent cross-examining a witness will be counted against that cross-examining party's one-hour allotment. The deadline for the parties to file their witness and exhibit lists for the purposes of this hearing is no later than 5:00 p.m. on

October 5, 2016. The deadline for filing objections to those lists is <u>no later than 5:00 p.m. on October 12, 2016</u>. Finally, post-hearing, the parties will be required to submit proposed findings of fact and conclusions of law to chambers email <u>no later than 5:00 p.m. on October 31, 2016</u>.

### B. Supplemental Fee Motion

In the Supplemental Fee Motion, Mr. Adair seeks an additional 63.9 hours of attorney time for addressing various post-trial motions and participating in court-ordered mediation. (Doc. 143 at 2). When reviewing his initial petition, the court expressly found that work performed "outside of Mr. Frazier's case in chief, including time spent on equitable relief and fee petition issues" was not compensable. (Doc. 130 at 39). The court then reduced the hours claimed by Mr. Adair consistent with that principle and also attached annotated copies of Mr. Adair's billing records reflecting those as well as other time reductions that were found to be appropriate. (Doc. 130-1, Doc. 130-2).

The Supplement Fee Motion indicates that "Plaintiff's Counsel has made every effort to include only those allowable and compensable time entries." (Doc. 143 at 2). To the contrary, the court has reviewed the time entries attached as Exhibit 2 to the Supplemental Fee Motion (Doc. 143-3) and has found numerous instances in which Mr. Adair again seeks to recover for work performed outside of Mr. Frazier's case in

chief, including time spent on equitable relief, mediation/settlement, and fee petition issues. Further, Mr. Adair has in no way contested the court's prior ruling–reasonableness means the claimed hours must relate to Mr. Frazier's case in chief. Accordingly, the Supplemental Fee Motion is **DENIED** with leave to file a new one that fully comports with the unchallenged reasonableness-of-hours framework previously set forth by the court on May 13, 2016. (Doc. 130 at 37-40).

## IV.   CONCLUSION

Mr. Frazier's Rule 59(e) Motion is **DENIED** as to the hourly rate ruling. The instatement/front pay issue is **SET** for an evidentiary hearing on October 19, 2016, beginning at 10:00 a.m. in Courtroom 6A of the Hugo L. Black United States Courthouse and subject to the additional requirements set out above. Finally, the Supplemental Fee Motion is **DENIED** with leave to refile in an acceptable format no later than 5:00 p.m. on September 30, 2016.

**DONE** and **ORDERED** this the 23rd day of September, 2016.

                                                                  _____
                                                                  **VIRGINIA EMERSON HOPKINS**
                                                                  United States District Judge